Keith L. Sharp
3200 Doris Circle
Montgomery, Alabama 36105
(334) 301-0037

RECEIVED

2022 MAR 11 P 12: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEITH L. SHARP, pro se | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 2:22-CV-127-RAH-SMD |
| | ) | |
| vs. | ) | |
| | ) | |
| INSPECTIONS DEPARTMENT, CITY OF MONTGOMERY, AL | ) ) | (1) Violations of Civil Rights (42 USC 1983); |
| | ) | |
| CITY COUNCIL, CITY OF MONTGOMERY, AL | ) ) ) | (2) Declaratory and Prospective Injunctive Relief |
| CITY OF MONTGOMERY, ALABAMA | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | DEMAND FOR JURY TRIAL |

### COMPLAINT UNDER U.S.C. SECTION 1983 AND THE 4TH AND 14TH AMENDMENTS FOR ILLEGAL SEARCH AND SEIZURE, DEPRIVATION OF DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW

**COMES NOW** the Plaintiff, Keith L. Sharp, pro se, and for his claim against the Defendants, Inspections Department - City of Montgomery, AL, City Council - City of

1

Montgomery and Muncipal Government - City of Montgomery, states and alleges as follows:

## JURISDICTION

1. This action for declaratory and injunctive relief and damages arises under the 4th Amendment to the United States Constitution, the Due Process Clause of the 14th Amendment of the United States Constitution, the Equal Protection Clause of the 14th Amendment to the United States Constitution, 42 U.S. Code § 1983; and the Supremacy Clause, U.S. Const., Art. VI, cl. 2.

2. The Court has jurisdiction over the claims alleged in this complaint pursuant to 28 U.S.C. section 1331 and 1343 for violation of 42 U.S. Code § 1983. Plaintiff's claim for injunctive and declaratory relief are authorized under 28 U.S. Code § 2202. Defendants were acting under color of law in all matters and rulings related to this case.

3. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391 (b) because the property central to this action - 164 Arlington Road - is situated there. Furthermore, all Defendants perform their respective departmental, legislative or executive duties there for purposes of venue.

## PARTIES

4. Keith L.Sharp, *Plaintiff*, is an individual who resides at 3200 Doris Circle, Montgomery, Alabama 36105. Mr. Sharp is the owner of 164 Arlington Road, Montgomery, Alabama 36104, the property which is the focus of this litigation.

5. *Defendant* Inspections Department, City of Montgomery, located at 25 Washington Avenue 1st Floor, Montgomery, AL 36104, is a municipal department under the jurisdiction of the City of Montgomery. At all times mentioned herein, the

department's employees acted in concert with the other defendants and under color of law.

6. *Defendant* Montgomery City Council, City of Montgomery, located at 103 N. Perry Street, Montgomery, AL 36104, is the local municipal legislative body of the City of Montgomery. At all times mentioned herein, the members of the council acted in concert with the other defendants and under color of law.

7. *Defendant* City of Montgomery, located at 103 N. Perry Street, Montgomery, AL 36104, is the local governmental unit for which all Defendants worked at all times relevant hereto.

## STATEMENT OF FACTS

8. On November 7, 2020, Al Guest, code enforcement inspector for the City of Montgomery's Inspections Department, allegedly responding to an anonymous call placed to 311, traveled to 164 Arlington Road, Montgomery, AL 36105 (plaintiff's property). Finding no immediate code violations in the front yard upon his arrival, Al Guest, without the consent of the owner and without a signed warrant for inspection, left the publicly-accessible area/ public throughfare and trespassed into the backyard of the property of the Plaintiff, in order to obtain information of any possible nuisance ordinance violations. The backyard of 164 is not visible from the street and surrounded by privacy fences. **(See Exhibit 1 - North View of 164 Arlington Road)**

9. After entering onto the Plaintiff's private property and into the enclosed backyard, Al Guest physically searched the rear curtilage of the property. Using information obtained from the unauthorized and unwarranted search, the code enforcement officer would subsequently cite the plaintiff for various alleged and

percieved nuisances in violation of municipal ordinances chapter 12.

10. Although it is a customary policy or practice of Montgomery's Inspections Department to affix a notice of alleged violations to a wooden stake and place it in a conspicuous place on the property or, in the alternative, attach a copy of the notice to the house itself, neither method was employed in the present case. Instead, Al Guest claimed to have mailed a copy of the notice to 164 Arlington Road, the address in which Al Guest assumed the property was assessed for legal and tax properties.

11. At the time Al Guest (and the inspections department) supposedly mailed the Plaintiff a notice of nuisance ordinance violation to 164 Arlington Road - November 10, 2020 - tax assessment records for the Montgomery County Revenue Commission actually lists Keith L. Sharp as the owner and **3200 Doris Circle, Montgomery, AL 36105** as the address to which 164 Arlington Road is assessed **(See Exhibit 2 - Montgomery County Revenue Commission Assessment Record - 2021).** As these records are public, Al Guest and the entire inspections department had access to this information at the time of the alleged violations.

12. On November 25, Al Guest again traveled to plaintiff's property at 164 Arlington Road. Al Guest's alleged purpose that day was to assure compliance with code enforcement regulation. Once again, without the owner's consent and without a search warrant signed by a magistrate, the code enforcement agent left the public throughfare and trespassed onto the plaintif's private property. Finding no violations visible in the front yard, the code enforcement agent filmed himself intruding upon the property, walking a narrow path along the eastern side of the property and into the private, fenced-

4

in backyard.

13. On December 1, 2020, the Montgomery City Council - Charles W. Jinright, Tracy Larkin, Clayton A. McInnis, Brantley W. Lyons, Cornelius Calhoun, Glen O. Pruitt, Audrey Graham, Oronde K. Mitchell and Richard N. Bollinger - impetuously voted to authorize the inspections department to abate alleged nuisance at 164 Arlington Road. The city council failed to consider the veracity of the code enforcement inspector's report, whether the inspector's overall actions were lawful, the bidding process fair or the dues/fees lodged against the property represented a fair market assessment. The Plaintiff, never having received notice, was completely unaware of this action being taken against him and, therefore, was unable to raise any objections to the action.

14. December 2020. Following the City Council's vote, Defendants contracted a private company to abate the alleged nuisance at 164 Arlington Road. The Plaintiff is unaware of the particular date the company was hired to abate the alleged nuisance or just which company was contracted. The Defendants have refused to share that information with the Plaintiff. In abating the alleged nuisance - which supposedly existed solely in the rear curtilage (backyard) of the property - the lawn company had to access the property via the open-ended garage, seeing that the backyard is not visible from the public throughfare, as the house itself runs from one side of the property to the other side, east to west. The anonymous company would go on to break the Plaintiff's gagrage door in the process of accessing his private, fenced in backyard, remove valuable scrap metal that was located inside of the garage as well as building materials Plaintiff used in the rehabilitation of the property. Following these actions, and as a direct result of them, a fee of $658.53 was added to the Plaintiff's 2021 tax bill by the City of Montgomery in the

5

form of a tax lien.

15. Following the anonymous company's mowing of Plaintiff's backyard and removal of valuable scrap metal and building materials from his private property, Al Guest, code enforcement inspector, again traveled to the Plaintiff's property at 164 Arlington Road. Once again, without the owner's permission and without a search warrant signed by a magistrate, Al Guest trspassed onto Plaintiff's private property, into the backyard and filmed himself doing so. This was done to inspect the anonymous lawn company's work and, again, to assure compliance with the mucicipal ordinace.

16. February 2021. Heretofore, Plaintiff was unaware of the Defendants' actions as it related to his property at 164 Arlington. After speaking with neighbors and family (and some deduction), Plaintiff contacted Montgomery's inspection department to inquire if its employees had any role in intruding upon his property. Plaintiff spoke with Ivory Corbitt who informed him that Defendants had, in fact, contracted a private company to mow his backyard in December of 2020. Ivory Corbitt provided the Plaintiff with the name and number of Al Guest, the code enforcement inspector responsible for the initial assesement of Plaintiff's property.

17. After speaking with Ivory Corbitt, Plaintiff contacted Al Guest directly. Plaintiff sought to ascertain from Al Guest just why the private backyard of his property was deemed to be in violation, establish a timeline of the preceding governmental actions/events, why there was neither a letter sent or nor a notice posted on the property. Al Guest informed the Plaintiff that he (Guest) could not say if anything was posted on the property or to where a notice was sent, but that a notice is usually sent to the address on file with the county. At this point, Plaintiff had still not received any information as to

the specific allegations against him or any visual evidence of an alleged violation.

18. February 11, 2021. Still having received insufficient information regarding the public nuisance citation lodged against his property, the Plaintiff sought to obatin the information through a formal Freedom Of Information Act (FOIA) request. **See Exhibit 3 (FOIA request from Keith Sharp to Jerry Russel).** Plaintiff mailed requests to Jerry Russell - Chief Building Official, Thomas Karrh - Director of Inspections Department and Brandon Hodge - chief property maintenance inspector. Although Thomas Karrh would ultimately acknowledge his receipt of Plaintiff's request, neither Thomas Karrh, Jerry Russel nor Brandon Hodge ever responded to Plaintiff's FOIA or provided him with the records he sought concerning this action.

19. February 15, 2021. Confronting an inspections department that was incapable or unwilling to assist him, the Plaintiff contacted Mayor Steven Reed and all nine members of the Montgomery City Council at the time - Charles W. Jinright, Brantley W. Lyons, Audrey Graham, Cornelius Calhoun, Oronde K. Mitchell, Clayton A. McInnis, Glen O. Pruitt and Richard Bollinger - by mail seeking an explanation, guidance and assistance concerning the matter of the citation against him. With the exception of Audrey Graham, the other seven councilpersons at the time have yet to respond to the the Plaintiff. The Plaintiff would also reach out to Montgomery's County, State and Federal elected officials. Several officials contacted the Plaintiff via telephone, email or letter with their thoughts and concerns, but the collective consensus from these officials was that the issue was basically a local one, which would be better addressed by local officials (i.e. City of Montgomery).

20. On or about late October and after months of inaction on the parts of Defendants, Plaintiff once again contacted Steven Reed and all city council members - Charles W. Jinright, Brantley Lyons, Audrey Graham, Marche Johnson, Cornelius Calhoun, Oronde Mitchell, Clayton A. McInnis, Glen O. Pruitt and Richard Bollinger. Neither Steven Reed nor any councilperson responded to the Plaintiff's letters. On or about November 1, 2021, Plaintiff then wrote to Harold Tate, the newly-appointed chief building officer for Montgomery's inspections department. **See Exhibit 4- Keith Sharp's letter to Harold Tate, chief building officer, inspections department, City of Montgomery.** Harold Tate contacted Plaintiff and acknowledged that he had, in fact, received Plaintiff's letter. Concurrently, Plaintiff ultimately filed a 'Request for Review of Liens Filed' at the suggestion of Ivory Corbitt, inspections department staff member. **See Exhibit 5 - Request For Review Of Liens Filed, Novemeber 1st, 2021.**

21. Approximately two to three weeks after Plaintiff submitted the Request for Review of Liens filed, Brandon Hodge, chief property inspector, provided a four-line response for the government basically parroting the claims made by Al Guest. Most notably, Brandon Hodge stated, "Notice sent to assessed address on Nov. 10, 2020, address was same as property." **See Exhibit 5, page 1.** This is an overtly erroneous statement. Again, as stated in section 11 of this complaint, at the time that the citation was issued against Plaintiff, the property located at 164 Arlington was assessed to Keith L. Sharp at 3200 Doris Circle, Montgomery, AL 36105 and NOT 164 Alrlington Road as Brandon Hodge falsely asserted. The Plaintiff never received a notice from the city at either 3200 Doris Circle or 164 Alrlington. Plaintiff disputed the findings of the Brandon

Hodge and requested a review by Montgomery's City Council.

22. February 1, 2022, after weeks of not receving information concerning his request for review of liens filed from any employee of the city's inspection department, Plaintiff contacted Harold Tate, CBO, by phone. Harold Tate informed Plaintiff that he was unfamiliar with the particulars of his case, but that he woudl review it and contact him later. In a matter of minutes, Harold Tate contacted the Plaintiff, told him that he had viewed a video recorded by Al Guest concerning the backyard of the property at 164 Arlington Road and, as far as he (Tate) was concerned, the matter was closed. Plaintiff then asked Harold Tate if he could, himself, view the video. Plaintiff was directed by Tate to visit the inspections department, located at 25 Washington Avenue, and someone would show him the video.

23. February 1, 2022, Plaintiff was met by Thomas Karrh in the lobby of 25 Washington Avenue, directed into Karrh's office and shown video clips of Al Guest going onto the private property of 164 Alrlington and into the private, fenced-in backyard. This would be the very first day the Plaintiff was informed that there was a video of the intrusion of his property and allowed to watch it, more than a year after the incident. During this meeting, Thomas Karrh would acknowledge his receipt of the Plaintiff's FOIA request made approximately a year earlier, however, Karrh refused to address Plaintiff's claims of trespass, illegal search/seizure, destruction of property, etc. Instead, Thomas Karrh chose to ingnore the Plaintiff's concerns and instead spent the majority of the time searching all of the properties in Montgomery assessed to the Plaintiff, in hopes of finding a pattern of nuisance citations. No such pattern could be found. Thomas Karrh also noted during this meeting that 3200 Doris Circle was the address to which 164

ArlingtonRoad was assessed, but refused to address Plaintiff's position that he was never contacted about the citation. Plaintiff then reminded Thomas Karrh that a city council review had been requested. A council review was scheduled for February 15, 2022.

24. February 15, 2022, Plaintiff appeared before the Montgomery City Council to have the lien (and the circumstances behind the lien) reviewed. The day before, on February 14th, 2022, the Plaintiff provided all nine members with a brief synopsis of the history of the issue, complete with photos of the property and a copy of the Plaintiff's request for review of lien filed. Brandon Hodge and Thomas Karrh appeared for the City of Montgomery's inspection department in opposition to the lien being removed. During the review, Brandon Hodge would cavalierly describe the ease at which the Plaintiff's property could be navigated in order to reach the private backyard, as though tresspassng onto private property was a normal occurrence within the inspections department. Once again, Brandon Hodge would falsely claim that a notice was mailed to the Plaintiff. Thomas Karrh would admit that scrap metal and building materials were seized/stolen from the Plaintiff's property by the anonymous company working at the behest of the City of Montgomery, but that the wood was dryrotted, so the Plaintiff's personal property was of little value. The members of the Montgomery City Council - those responsible for the creation of the nuisance ordinance - were themselves ill-equipped or uninterested to address Plaintiff's concerns related to trespass, illegal search/seizure, actions of the inpections department and mistakes made. Instead, Cornelius Calhoun, acting as the de facto spokesperson of the council, looked at a picture of Plaintiff's backyard, said that the grass looked overgrown to him and rushed to conclude the hearing. The City council refused to remove the lien of $658.53 from the Plaintiff's 2021 property taxes. The

Plaintiff now brings this matter before the Court.

## DECLARATORY AND INJUNCTIVE RELIEF

25. Plaintiff realleges and incorporates herein by reference each and every allegation and paragraph previously set forth.

26. As stated herein, the Plaintiff, as a citizen and an individual, is protected by the laws of the State of Alabama, as well as those of the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

27. As stated herein, the Defendants have wrongfully, unlawfully and with deliberate indifference to the rights of the Plaintiff, acted, practiced and/or adopted policies, practices and procedures and/or customs which are in violation of the Constitutional rights of the Plaintiff.

28. The Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct, and policies at the time of the incidents at issue in the present action and Plaintiff alleges, on that basis, that they have not changed or modified the procedures or policies that allow for the unlawful trespasses, illegal searches, illegal seizures, violations of due process and equal protection under the law.

29. The Defendants' wrongful actions, conduct and/or policies, unless and until enjoined and restrained by order of this court, will cause, and continue to cause, great and irreparable injury to the Plaintiff, and other similarly situated members of the community, in that the Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under state and federal law, including those under the Fourth and Fourteenth Amendments as alleged herein above.

30. Plaintiff has no adequate remedy at law to prevent or prohibit Defendants

from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies related to this issue other than through declaratory relief, and therefore Plaintiff seeks an order enjoining and prohibiting Defendants, particularly, employees of the City of Montgomery's Inspections Department, from, but not limited to, conducting warrantless searches and illegal seizures on the private property of the citizens and issuing citations, levying fines and/or contributing to the forfeiture of an owner's property without ensuring procedures for guaranteeing due process under the law have been fully satisfied.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court order the following relief and remedies:

1. Issue a judicial delcaration that Defendants' unauthorized and warrantless search upon his private property and the seizure of personal property from his home is a violation of Plaintiff's 4th Amendment right, which guards against illegal search and seizure, and 42 U.S.C. § 1983.

2. Issue a judicial declaration that Defendants' failure to properly notify Plaintiff of the charges against him is a violation of Plaintiff's 14th Amendment right to due process and equal protection under the law, and 42 U.S.C. § 1983.

3. A judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees, should Plaintiff decide to retain counsel at any time during the course of these proceedings, pursuant to 42 U.S.C. § 1983 against all Defendants.

4. A jury trial on all appropriate Issuues

    5. An award of costs and expenses against the Defendants

    6. Any and all other relief this Court may deem appropriate.

Respectfully submitted this 11th day of March, 2022

_/s/ Keith L. Sharp_
Keith L. Sharp,
3200 DORIS CIRCLE
MONTGOMERY, ALABAMA 36105

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

## CERTIFICATE OF SERVICE

I, Keith L. Sharp, do hereby Certify that a true and correct copy of the foregoing has been furnished by CERTIFIED MAIL on this 11th day of March 2022, to:

Inspections Department, City of Montgomery, Alabama
25 Washington Avenue, 1st Floor
Montgomery, Alabama 36104

Montgomery City Council, City of Montgomery, Alabama
103 N. Perry Street
Montgomery, Alabama 36104

City of Montgomery
103 N. Perry Street
Montgomery, Alabama 36104

MARCH 11, 2022
Date

Keith L. Sharp

1