IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH L. SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-127-RAH -SMD |
| | ) |
| CITY OF MONTGOMERY, | ) |
| ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Keith L. Sharp ("Sharp") claims that the City of Montgomery, Alabama (the "City")—along with the City Council, City of Montgomery (the "City Council") and the Inspections Department, City of Montgomery (the "Inspections Department")—violated his constitutional rights when the Inspections Department performed "an unauthorized and warrantless search" of his property after it received an anonymous nuisance report. *See generally* Compl. (Doc. 1). Sharp also claims that Defendants violated his due process rights by failing to provide him with proper notice of the municipal code violations resulting from the nuisance inspection. *Id.*

The City filed an answer to Sharp's Complaint. Answer (Doc. 8). The Inspections Department and the City Council (collectively "Defendants" for purposes of this Recommendation) filed a motion to dismiss, which is pending before the Court. Mot. (Doc. 9). For the following reasons, the undersigned recommends that Defendants' Motion to Dismiss be granted.

I. **SHARP'S FACTUAL ALLEGATIONS**

On November 7, 2020, Al Guest, a code enforcement inspector for the Inspections Department, responded to an anonymous call reporting a nuisance on Sharp's property. Compl. (Doc. 1) p. 3. Guest went into Sharp's backyard, which is not visible from the street and is surrounded by privacy fences, without Sharp's permission and without a signed warrant for inspection. *Id.* Based on what Guest observed, Sharp was cited for violations of the City's municipal code. *Id.* at 3-4. A notice was allegedly mailed to the property's address informing Sharp of the violations. *Id.* at 4.

Three weeks after his inspection, Guest returned to the property and entered the backyard—again without permission—to determine if it had been brought into compliance with the municipal code. *Id.* at 4-5. Finding that it had not, the Inspections Department brought the matter before the City Council, and the City Council voted to permit the Inspections Department to abate the nuisance. *Id.* at 5. The Inspections Department hired a private lawn company to abate the nuisance, which accessed the property's backyard through the home's garage. *Id.* The lawn company broke the garage door and removed scrap metal that was being used to rehabilitate the property. *Id.* A tax lien of $658.53 was levied against Sharp for the cost of the abatement. *Id.* at 5-6. Guest entered the property's backyard a third time to inspect the lawn company's work. *Id.* at 6.

II. **JURISDICTION**

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or Congress. *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: (1) cases that arise under federal law, § 1331, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

Here, Sharp asserts 42 U.S.C. § 1983 claims for illegal search and/or seizure and violations of his due process rights and/or equal protection. Compl. (Doc. 1). Section 1983 claims present federal questions within this Court's original jurisdiction under § 1331.

**III.   LEGAL STANDARDS**

**A. Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Twombly*, 556 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (internal quotation and citation omitted). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal

conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—plausibly give rise to an entitlement to relief. *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation and citation omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### B. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and— like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

IV.     ANALYSIS

Defendants argue that they should be dismissed from suit because they are entities not capable of being sued. Mot. (Doc. 9) pp.2-3. The City Council also claims it should be dismissed because Sharp's suit against it is duplicative with Sharp's suit against the City. *Id.* at 3. For the following reasons, Defendants' Motion should be granted.

**A. The Inspections Department**

A viable § 1983 claim requires a defendant that is subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Capacity for suit is "determined by the law of the state in which the district court is held." *Id.* (citation and quotation omitted). Under Alabama law, "departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010).

The Inspections Department is a department of the City[1] and is not a separate legal entity or body. As such, it does not have the capacity to sue or be sued absent specific statutory authority stating otherwise. The undersigned is unaware of any statutory authority affording the Inspections Department the capacity to sue or be sued, and Sharp has not provided the Court with any in his opposition to Defendants' motion to dismiss. Therefore,

---

[1] *See City of Montgomery Alabama*, https://www.montgomeryal.gov/government/city-government/city-departments (identifying Inspections as a City department) (last visited Nov. 6, 2022).

the undersigned concludes that the Inspections Department is not a defendant that is subject to suit and recommends that Sharp's claims against it be dismissed.[2]

### B. The City Council[3]

Defendants argue that the City Council should be dismissed because (i) the City Council is not a legal entity subject to suit, and (ii) suing the City Council is duplicative of suing the City. Mot. (Doc. 9) p. 3. The undersigned addresses each argument in turn.

#### i. Capacity for Suit

Defendants argue that the City Council should be dismissed because it "is not a suable entity under Alabama law." Mot. (Doc. 9) pp. 2-3. But multiple Alabama cases indicate that a city council can sue and be sued. *See, e.g.*, *Wilson v. City Council of City of Saraland*, 72 So. 3d 1190 (Ala. 2011); *Montgomery City Council v. G&S Rest.*, 98 So. 3d 1 (Ala. Civ. App. 2011); *Woods v. Trussville City Council*, 795 So. 2d 721 (Ala. Civ. App.

---

[2] *See, e.g.*, *Hardin v. City of Troy Pub. Works Dep't*, 2013 WL 5231872, at *7 (M.D. Ala. Sept. 16, 2013) (finding that, under Alabama law, a public works department lacks the capacity to be sued); *Wilson v. State of Ala. & Headland Police Dep't*, 536 F. Supp. 3d 1245, 1248 (M.D. Ala. 2020) (finding that, under Alabama law, a police department is not a legal entity subject to suit or liability).

[3] In the section of his Complaint identifying the parties, Sharp lists "Montgomery City Council, City of Montgomery," as a defendant in this suit. Compl. (Doc. 1) p. 3. Sharp states that the City Council "is the local municipal legislative body of the City of Montgomery." *Id.* Notably, Sharp does not name the individual council members as defendants, although he does refer to the City Council members by name in the Complaint. *Id.* at 2-3. Sharp's passing reference to the individual council members, however, is insufficient to liberally construe the Complaint as an attempt to sue the members of the City Council. Nonetheless, as explained in the following section, the undersigned is recommending that Sharp be afforded an opportunity to amend his complaint to satisfy the Federal Rules of Civil Procedure. If Sharp is indeed attempting to sue the *members* of the City Council, Sharp will have an opportunity to amend his Complaint to so reflect that intention.

2000). Defendants have cited no authority to the contrary.[4] Therefore, Defendants' argument that the City Council should be dismissed because it lacks capacity for suit fails.

### ii. Duplicity

Defendants also argue that the City Council should be dismissed because suing the City Council is duplicative of suing the City. Mot. (Doc. 9) p. 3. The City has elected a mayor-council form of government, which is governed by Act No. 618, Ala. Acts 1973. *Bright v. Calhoun*, 988 So. 2d 492, 496 (Ala. 2008). Article III of Act No. 618, entitled "The Council," and § 3.07, entitled "Powers," provides that "[a]ll powers of the [C]ity, including all powers vested in it by this act, by the laws, general and local, of the state . . . shall be vested in the council." *Id.*; *see also* ALA. CODE § 11-43-43 (1975) ("All legislative powers and other powers granted to cities and towns shall be exercised by the council[.]"). The City's municipal code invests authority in the City Council to conduct public hearings regarding nuisance abatement on private property. Ord. No. 21-2021 § 12-133. Therefore, when conducting these hearings, the City Council acts as an extension of the City—not as a separate entity. As such, suing the City Council (as a legislative body) is unnecessary when suing the City.

Further, the relief sought by Sharp is not unique to the City Council and therefore can be accomplished, if at all, through the City. Sharp asks the Court to "[i]ssue a judicial declaration that Defendants' failure to properly notify [him] of the charges against him is

---

[4] Defendants point the Court to a case from the Middle District of Florida in support of the argument that the City Council is not a legal entity subject to suit. Florida law, however, does not apply here. *See Dean*, 951 F.2d at 1214 (capacity for suit is "determined by the law of the state in which the district court is held").

a violation of [his] 14th Amendment right to due process and equal protection under the law, and 42 U.S.C. § 1983." Compl. (Doc. 1) p. 12. He also seeks "[a] judgment for compensatory damages" and "[a]n award of costs and expenses" against all Defendants. *Id.* at 12-13. To the extent that any of the relief requested is available to Sharp, such relief may be accomplished by allowing Sharp's claims against the City to proceed. *See Ala. State Conf. of NAACP v. City of Pleasant Grove*, 372 F. Supp. 3d 1333, 1339 (N.D. Ala. Apr. 2, 2019) (dismissing the city council as duplicative of the city where the relief sought "could be accomplished by allowing [the plaintiffs'] claims against [the city] to go forward"). Thus, it is unnecessary for the City Council to remain a defendant in this case. *Id.*; *see also Bell v. City of Winter Park, Fla.*, 2013 WL 868195, at *3 n.4 (M.D. Fla. Mar. 7, 2013) ("Even if the City Commission was an entity capable of being sued, a suit against the Commission as an arm of the City is redundant because the City is also sued; therefore, it would be dismissed as duplicative for the reasons discussed above.").

## V.     OPPORTUNITY TO AMEND

To state a claim on which relief may be granted, a complaint must meet the pleading standards set forth in the Federal Rules of Civil Procedure. *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019). Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 also requires that each allegation in the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d). Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Thus, to comply with federal pleading

standards, a complaint must—at a minimum—set forth claims in numbered paragraphs as required by Rule 10 and allege sufficient facts for the court to reasonably infer that a defendant's actions were unlawful.

A "shotgun pleading" violates the "short and plain statement" requirement under Rule 8. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). The Eleventh Circuit has recognized four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint not falling into the first category, but nevertheless "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Fundamentally, a shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. When a pro se plaintiff files a shotgun pleading, the district court should give "him the opportunity to replead with instructions." *Walters v. Sec'y, Fla. Dep't of Corrs.,* 743 F. App'x 401, 402–03 (11th Cir. 2018).

The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g., Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting *Vibe Micro, Inc.*, 878 F.3d at 1295); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020); *Blochowicz v. Wilkie*, 2020 WL 5028224, at *3 (S.D. Ga.

9

Aug. 25, 2020) (noting that the court "takes a dim view of shotgun pleadings"). However, "[b]efore dismissing a complaint with prejudice on shotgun pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington*, 757 F. App'x at 797. If "the plaintiff fails to comply with the court's order—by filing [another complaint] with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Vibe Micro, Inc.*, 878 F.3d at 1295.

Here, Sharp does not separate "into a different count each cause of action or claim for relief"; therefore, his Complaint falls within the third category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321-23. The title of Sharp's Complaint—"Complaint under U.S.C. Section 1983 and the 4th and 14th Amendments for Illegal Search and Seizure, Deprivation of Due Process and Equal Protection Under the Law"—indicates that he intends to bring § 1983 claims against Defendants: § 1983 claim(s) for illegal search and/or seizure, and § 1983 claim(s) for deprivation of due process and/or equal protection. Compl. (Doc. 1) p. 1. Sharp's Complaint contains sections addressing this Court's jurisdiction, *id.* at 2; the parties, *id.* at 2-3; the facts, *id.* at 3-11; requests for declaratory and injunctive relief, *id.* at 11-12; and a "request for relief," *id.* at 12-13. Notably missing, however, is a section specifically identifying the claims he intends to bring and the facts on which those claims are based. Because of this deficiency, it is difficult to discern against which Defendant(s) Sharp is bringing his claim for illegal search and/or seizure and against which Defendant(s) Sharp is bringing his claim for a due process violation and/or equal

10

protection. Therefore, by asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," Sharp's Complaint falls within the fourth category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321-23.

Because Sharp's Complaint is a shotgun pleading, the undersigned recommends that Sharp be afforded the opportunity to amend his Complaint to comply with the federal pleading standards. Sharp is advised that, should he choose not to amend, the undersigned may recommend that his original Complaint, which would remain operative, be dismissed as a shotgun pleading.

### VI.   CONCLUSION

As set forth above, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Defendants' Motion to Dismiss (Doc. 9) be GRANTED. Further, it is the

RECOMMENDATION of the undersigned that Sharp be afforded an opportunity to amend his Complaint to comply with the federal pleading standards and the directives set forth in this Recommendation. Should this Recommendation be adopted, Sharp should be ordered to file his amended complaint **within three weeks of the date the recommendation is adopted.**

If Sharp chooses to amend, he should file an amended complaint that complies with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure and the following requirements:

(1) The amended complaint shall set forth a jurisdictional section identifying the specific federal cause(s) of action under which Sharp brings his claims or shall allege sufficient facts to support diversity jurisdiction.

11

(2) The amended complaint should set forth a section identifying the parties. The amended complaint may not include the Inspections Department or the City Council as defendants, as any such claim against the Inspections Department or the City Council would be futile.
(3) The amended complaint should contain a section of facts, which must be stated in a clear, concise, and direct manner. The facts must show that Sharp is entitled to relief. The amended complaint should not include legal argument, legal standards, or legal conclusions.
(4) The amended complaint should set forth each claim individually. Sharp should clearly identify each individual claim he intends to bring—i.e., claim(s) for illegal search, illegal seizure, due process violation, and/or equal protection. Within the individual claims, the amended complaint should not adopt or incorporate by reference previous allegations. Instead, the amended complaint must set forth the facts applicable to that claim and must specifically identify the Defendant(s) against whom the claim is asserted. The amended complaint should not incorporate by reference previous paragraphs within the complaint.
(5) The amended complaint should contain a section setting forth the relief sought and against whom the relief is sought, if applicable.

**Sharp is warned that his amended complaint, should he file one, will take the place of his original complaint and that his original complaint will no longer be operative. Therefore, Sharp should include all relevant factual allegations in the amended complaint and attach all documentation, if applicable, that was attached to the original complaint.**

Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before November 28, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District

Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of November, 2022.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE