# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

RECEIVED
2023 FEB -8 P 12: 43
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KEITH L. SHARP | ) |
| | ) CASE NO. 2:22-cv-127-RAH-SMD |
| Plaintiff, pro se | ) |
| | ) |
| v. | ) (1) Violations of Civil Rights (42 |
| | )    USC 1983); |
| | ) |
| CITY OF MONTGOMERY, | ) |
| ALABAMA, et al., | ) (2) Declaratory and Prospective |
| | )    Injunctive Relief |
| Defendants, | ) |
| | ) |
| | ) DEMAND FOR JURY TRIAL |
| | ) |

## PARTIES

1. Keith L. Sharp, *Plaintiff,* is an individual who resides at 3200 Doris Circle, Montgomery, Alabama 36105. Mr. Sharp is the owner of 164 Arlington Road, Montgomery, Alabama 36104, the property which is the focus of this litigation.

2. *Defendant,* City of Montgomery, Alabama, et al., located at 103 North Perry Street, Montgomery, Alabama 36104, is the local governmental unit for which all Defendants worked at all times relevant hereto.

## JURISDICTION

3. This action for delcalartory and injunctive relief and damages arises under the 4th Amendment to the United States Constitution, the Due Process Clause of the 14th Amendment

1

of the United States Constitution, the Equal Protection Clause of the 14th Amendment to the United States Constitution, 42 U.S. Code § 1983; and the Supremacy Clause, U.S. Const., Art. VI, cl. 2.

4. The Court has jurisdiction over the claims alleged in this complaint pursuant to 28 U.S.C. section 1331 and 1343 for violation of 42 U.S. Code § 1983. Plaintiff's claim for injunctive and declaratory relief is authorized under 28 U.S. Code § 2202. Defendants were acting under color of law in all matters and rulings related to this case.

5. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391 (b) because the property central to this action - 164 Arlington Road - is situated there. Furthermore, all Defendants perform their respective departmental, legislative or executive duties there for the purposes of this venue.

## AMENDED COMPLAINT

6. On November 7, 2020, Al Guest, code enforcement inspector for the City of Montgomery's Inspection Department, allegedly responding to an anonymous call placed to 311, traveled to 164 Arlington Road, Montgomery, AL 3105 (plaintiff's property). Finding no immediate code violations in sight, Al Guest, without the consent of the owner and without a search warrant signed by a magistrate, left the publicly-accessible area/ public throughfare and trespassed into the private backyard of the the property of the Plaintiff, in order to obtain information of any possible nuisance ordinace violations. The backyard of 14 Arlington is not visible from the street and surrounded on three sides by privacy fencing (See Exhibit 1 - North View of 164 Arlington Road). Plaintiff contends that the actions of the code enforcement inspector - i.e. leaving publicly-accessible area and searching the non-visible, private property of the Plaintiff without consent or a search warrant - was in clear violation of the 4th Amendment of the Constitution of the United States, which protects against illegal searches.

7. Defendants posted no signage or notices on the property informing Plaintiff of any possible nuisance violations. Neither stakes were placed in the yard with attached notices nor were any notices affixed in a visible manner on the actual property. A City of Montgomery memo dated November 10, 2020 and signed by Al Guest, lists alleged nuisance violations at 164 Arlington Road (See Exhibit 2 - City of Montgomery, Alabama Inspection Department notice). There is no evidence that the Defendants ever mailed a copy of this moticse to Plaintiff. Furthermore, the letter is addressed to Plaintiff at 164 Arlington Road. However, according to information available to the Defendants at

this time, 164 Arlington Road's legal, registered address is 3200 Doris Circle. See Exhibit 3 ( Montgomery County Revenue Commission Assesment Record - 2021, page 2). Plaintiff contends that the failure of the Defendents to notify him of any alleged nuisances violated the Equal Protection and Due Process clauses of the 14th Amendment of the United States Constitution.

8. On November 25, 2020, Al Guest, again ignoring 'Private Property' and 'No Trespassing' signage at 164 Arlington Road, left the public throughfare and trespassed onto the Plaintiff's property and into his private backyard, all the while filming himself doing so. Once again, the code enforcement inspector did neither received the Plaintiff's consent nor did he possess a search warrant signed by a magistrate authorizing him to search. Plaintiff contends that these actions constituted a vilolation of his 14th Amendment right, which protects against illegal searches.

9. According to Brandon Hodge, Chief Property Inspector - City of Montgomery Inspection Department, on December 1,the Defendants, through the City Council of Montgomery, voted to authorize the City of Montgomery's Inspection Department to abate alleged nuisance at 164 Arlington Road. See Exhibit 4 (Request of Review of Lien Filed). The Plaintiff, being completely unaware of these actions being taken against him, was unable to raise any objections or address the accusations against him. Plaintiff asserts that these actions of the Defendants were in violation of the Equal Protection and Due Process Clauses of the 14th Amendment of the United States.

10. In December of 2020, Defendants contracted a private company to abate the alleged nuisance (i.e. cut the fenced in, private backyard of Plaintiff's property at 164 Arlington Road. The as of yet unidentified company, acting at the behest of the Defendants, broke Plaintiff's garage door lock in order to access the property, removed building materials and scrap metal and other items. Plaintiff's backyard was mowed and the Defendants placed a $658.53 tax lien on Plaintiff's property which was to be paid in its entirety at threat of having the property seized. Subsequently, during a Montgomery City Council meeting on February 15, 2022, Thomas Karrh and Brandon Hodge, both employed by the City of Montgoemery inspections department, admitted as much. Plaintiff contends that these combined actions were in violation of the Plaintiff's 4th Amendment Constitutional right guarding against illegal search and seizure and the Equal Protection and Due Process Clauses of the 14th Amendment of the Constitution of the United States.

## DECLARATORY AND INJUNCTIVE RELIEF

11. As stated herein, the Plaintiff, as a citizen and an individual, is protected by the laws of the State of Alabama, as well as those of the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

12. As stated herein, the Defendants have wrongfully, unlawfully and with deliberate indifference to the rights of the Plaintiff, acted, practiced and or adopted policies, practices and procedures and/or customs which are in violation of the Constitutional rights of the Plaintiff, namely the Fourth and Fourteenth Amendments.

13. The Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action and Plaintiff alleges, on that basis, that they have not changed or modified the procedures or policies that allow for the unlawful trespasses, illegal searches, illegal seizures and violations of due process and equal protections under the law, all in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

14. The Defendants' wrongful actions, conduct and/or policies, unless and until enjoined and restrained by order of this court, will cause, and continue to cause, great and irreparable injury to the Plaintiff, and other similarly situated members of the community, in that the Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under state and federal law, including those under the Fourth and Fourteenth Amendments as alleged herein above.

15. Plaintiff has no adequate remedy at law to prevent or prohibit Defendants from continuing and/or repeating their unlawful and unconstitutional conduct and policies related to this issue other than through declaratory relief, and therefore Plaintiff seeks an order enjoining and prohibiting Defendants, particularly, employees of the City of Montgomery's Inspections Department, from, but not limited to, conducting warrantless searches and illegal seizures on the private property of the citizens of Montgomery and issuing citations, levvying fines and/or contributing to the forfeiture of property without ensuring procedures for guaranteeing due process under the law have been fully satisfied.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court order the following relief and remedies:

1. Issue a judicial declaration that Defendants unauthorized and warrantless search upon his property and the seizure of personal property from his home is a violation

of Plaintiff's 4th Amendment rights, which guard against illegal search and seizure, and 42 U.S.C. § 1983.

2. Issue a judicial declaration that the Defendants' collective failure to properly notify Plaintiff of the charges against him is a violation of the Plaintiff's 14th Amendment right to due process and equal protection under the law, and 42 U.S.C. § 1983.

3. A judgement for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees, should Plaintiff decide to retain counsel at any time during the course of these proceedings, pursuant to 42 U.S.C. § 1983 against all Defendants.

4. A jury trial on all appropriate issues.

5. An award of costs and expenses against the Defendants.

6. Any and all other relief this Court may deem appropriate.

Respectfully submitted on this the 8th day of February, 2023,

_____
Keith L. Sharp,
Plaintiff, pro se
3200 Doris Circle
Montgomery, Alabama 36105
(334) 301-0037

## Certificate of Service

I hereby certify that a copy of the foregoing document was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Karen Sampson Rodgers
City of Montgomery/Legal Department
Post Office Box 1111
Montgomery, Alabama   36101-1111
Telephone:   (334) 625-2050
Fax:             (334) 625-2310
krodgers@montgomeryal.gov

This the 8th day of February, 2023,

_____
Keith L. Sharp
Plaintiff, pro se
3200 Doris Circle
Montgomery, Alabama   36105
(334) 301-0037