IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEITH L. SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-127-RAH-SMD |
| | ) | |
| CITY OF MONTGOMERY, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Keith L. Sharp ("Sharp") claims that the City of Montgomery, Alabama, (the "City") violated his constitutional rights when the City's Inspections Department performed an unauthorized and warrantless search of his property after it received an anonymous nuisance report. *See generally* Am. Compl. (Doc. 18). Sharp also claims that the City violated his due process rights by failing to provide him with proper notice of the municipal code violations resulting from the nuisance inspection. *Id.*

The City now moves to dismiss Sharp's amended complaint, arguing that Sharp has failed to prosecute or comply with the Federal Rules of Civil Procedure. Mot. (Doc. 21) p. 1. As explained below, the undersigned recommends that the motion be denied.

**I.   APPLICABLE LAW**

A district court may dismiss an action if a party "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2); *see also Welch v. Comcar Indus.*, 139 F. App'x 138, 139 (11th Cir. 2005) (citing Rule 37). However, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions

would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir. 1988)). Simple negligence, misunderstanding, or inability to comply does not justify a Rule 37 dismissal. *Malautea*, 987 F.2d at 1542.

Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Similar to a dismissal under Rule 37, a district court may dismiss a case pursuant to Rule 41(b) only "as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995).

**II.    DISCUSSION**

The City's entire motion is premised on Sharp's supposed one-time failure to respond to the City's discovery requests. According to the City, it "mailed discovery . . . to [Sharp] to complete and return via certified mail[.]" Mot. (Doc. 21) p. 1. The City avers that the mail was sent to Sharp's address of record but was returned. *Id*. at 1-2. The City does not indicate that it took any further action to engage with Sharp regarding discovery, and it does not allege that Sharp has otherwise failed to prosecute this lawsuit.

Sharp filed a response to the City's motion to dismiss indicating that he did not receive the City's discovery requests because his signature was required for delivery but he was not home at the time delivery was attempted. Resp. (Doc. 23) pp. 1-2. He states that

he received the discovery for the first time when he received a copy attached to the City's motion to dismiss. *Id*. at 1. Sharp contends that he is not willfully attempting to delay and obstruct discovery efforts and asks the Court to allow his complaint to proceed. *Id*. at 2-3.

Dismissal under Rule 37 and Rule 41 are inappropriate in this case. Simply put, by pointing to one instance of Sharp's failure to respond to its discovery requests, the City has completely failed to show that Sharp has engaged in a clear pattern of delay or willful contempt. Further, the City has done nothing more than allege—in a conclusory fashion—that it is "prejudiced" by the delay. Certainly, less drastic sanctions would be appropriate in this case, particularly considering Sharp's pro se status.[1]

### III.  CONCLUSION

Therefore, it is the

RECOMMENDATION of the undersigned that the City's Motion to Dismiss (Doc. 21) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **September 6, 2023**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of

---

[1] Sharp is advised that he should update his address and other contact information if necessary. The City shall be mindful that Sharp is proceeding pro se and should attempt in good faith to litigate this case with him.

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of August, 2023.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE