IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH L. SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-127-RAH-SMD |
| | ) |
| CITY OF MONTGOMERY, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

On September 16, 2024, the Magistrate Judge recommended that the Defendant's *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (doc. 31)[1] be granted in part and denied in part. (Doc. 54 at 11.) The Defendant filed one objection (doc. 55) to the Report and Recommendation (doc. 54).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in

---

[1] Even though the Defendant's motion (doc. 31) is titled as a motion to dismiss, the Defendant only argues the summary judgment standard. (Doc. 32 at 4–5.)

order to warrant *de novo* review.  See *Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006).  Otherwise, a Report and Recommendation is reviewed for clear error.  *Id.*

Here, the Defendant objects to the "Recommendation's implied conclusion that Plaintiff . . . presented substantial evidence that [Plaintiff] manifested a subjective expectation of privacy in the place searched."  (Doc. 55 at 1.)  But the Defendant's objection misses the mark.  It is true that the person who asserts a Fourth Amendment violation "has the burden of . . . establishing" that he had a reasonable expectation of privacy, which was violated, and that the violation was unreasonable. *United States v. Bachner*, 706 F.2d 1121, 1125 (11th Cir. 1983).  But at the summary judgment stage, the nonmovant still need only show a genuine dispute of material fact to prevail.  *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (explaining that a pro se litigant has the burden of "establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment"). The Plaintiff therefore did not need to present nor did the Recommendation find that the Plaintiff presented *substantial* evidence of a subjective expectation of privacy. (Doc. 54 at 2, 8.)

The Defendant specifically argues that the Recommendation "does not illustrate or point to any evidence in the record that Plaintiff *utilized* the property / curtilage in any way that 'it harbored the intimate activity associated with the sanctity of a man's home and the privacies of life."  (Doc. 55 at 1 (emphasis added and cleaned up) (citing *United States v. Dunn*, 480 U.S. 294, 300 (1987).)  But this misses the mark too.

The Magistrate Judge appropriately analyzed whether the Plaintiff had a reasonable expectation of privacy in the backyard under the *Dunn* factors.  (Doc. 6–9.)  The question the *Dunn* factors assist a court in answering is not whether the area is *used* (though "use" plays a part in the analysis), it is whether an "individual

2

reasonably . . . expect[ed] that the area in question [would] be treated as the home itself"—in short, whether an expectation of privacy existed. *Dunn*, 480 U.S. at 300 ("[T]he central component of this inquiry [is] whether the area harbors the intimate activity associated with the sanctity of a man's home and the privacies of life." (internal quotations omitted)). And after analyzing the Plaintiff's backyard under the four, non-exhaustive *Dunn* factors, the Recommendation found that, viewed in the light most favorable to the Plaintiff, the factors weighed in favor of an existence of an expectation of privacy within the Plaintiff's backyard. (Doc. 54 at 8.) And the Recommendation relies on video evidence to support its entire analysis. (*Id.* at 7–8; Doc. 33-1; Def. Ex. 1-C.) After an independent review of the video evidence, the Defendant's objection is due to be overruled and the Recommendation adopted.

Upon an independent review of the file and upon consideration of the Recommendation, the Defendant's objection is overruled.

Accordingly, it is ORDERED as follows:

(1)  The Recommendation of the Magistrate Judge (doc. 54) is ADOPTED;

(2)  The Objection (doc. 55) is OVERRULED;

(3)  The Defendant's *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (doc. 31) is GRANTED as to the Plaintiff's Fourteenth Amendment procedural due process claim;

(4)  The Defendant's *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (doc. 31) is DENIED as to the Plaintiff's Fourth Amendment warrantless search claim; and

(5)  This case will be SET FOR A JURY TRIAL on Plaintiff's Fourth Amendment warrantless-search claim.

**DONE**, on this the 8th day of October 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE